# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 14-0847-DOC (DFMx)          Date: June 3, 2014

Title: BANK OF THE WEST v. M/V LEVENDI, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING TEMPORARY RESTRAINING ORDER [5] [6] [7] [9] [10] [11]**

Before the Court are several cryptic documents filed by Plaintiff Bank of the West: First Application for Temporary Restraining Order (Dkt. 5); First Application to Appoint Substitute Custodian (Dkt. 6); First Application for Temporary Restraining Order Request for Judicial Notice (Dkt. 7); First Motion to First Application to Appoint Substitute Custodian (Dkt. 9); First Motion to First Application for Temporary Restraining Order (Dkt. 10); and First Motion to First Application for Temporary Restraining Order (Dkt. 11). The Court DENIES all of these applications and grants leave to Plaintiff to re-file any necessary applications.

## I. BACKGROUND

On or about October 28, 2008, Defendant David Gianulias ("Mr. Gianulias") entered into a written retail installment contract and security agreement financing his purchase of a ship, the M/V Levendi. Compl. ¶ 4. Under the agreement, Plaintiff Bank of the West ("Bank of West") had the right to take possession of the vessel if Mr. Gianulias defaulted. *Id.* ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0847-DOC (DFMx)                              Date: June 3, 2014

Page 2

        The payment due on March 28, 2014 was not made. *Id.* ¶ 5. Mr. Gianulias has refused to give up possession of the vessel. *Id.* ¶ 9.

        On June 2, 2014, Bank of West filed the Complaint in this action. *See generally id.* In addition, Bank of West filed numerous cryptic applications and motions, including filings that purport to be requests for a temporary restraining order. *See, e.g.*, Application (Dkt. 5); Application (Dkt. 6); Application (Dkt. 7); Motion (Dkt. 9); Motion (Dkt. 10); Motion Dkt. 11). The Court now considers these filings.

## II. LEGAL STANDARD

        Courts may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Preliminary injunctive relief is "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

        In the Ninth Circuit, a plaintiff is entitled to a preliminary injunction if she satisfies either of two tests: (1) the *Winter* factor test; or (2) the "sliding scale" test, also referred to as the "serious questions" test.[1] *See Alliance for the Wild Rockies*, 632 F.3d at 1135.

        Under the *Winter* factor test, a plaintiff is entitled to a preliminary injunction if she establishes that: (1) she is "likely to succeed on the merits"; (2) the "balance of equities tips in [plaintiff's] favor"; (3) she is "likely to suffer irreparable harm in the absence of preliminary relief"; and (4) a preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20; *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

        Under the sliding scale test, a plaintiff is entitled to a preliminary injunction if she establishes: (1) "serious questions going to the merits"; (2) "a balance of hardships that tips sharply towards the plaintiff"; (3) "a likelihood of irreparable injury"; and (4) a preliminary injunction is in the public interest. *Alliance for the Wild Rockies*, 632 F.3d at 1135 (noting that the last two factors are identical to two of the factors in *Winter*).

---

[1] A plaintiff may also obtain a preliminary injunction without satisfying either of these two tests if a statute provides for a lesser showing. *See e.g., Tennessee Valley Authority v. Hill*, 437 US 153, 194 (1978); *United States v. Estate Pres. Services*, 202 F.3d 1093, 1098 (9th Cir. 2000) ("The traditional requirements for equitable relief need not be satisfied since Section 7408 expressly authorizes the issuance of an injunction.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0847-DOC (DFMx)                          Date: June 3, 2014

Page 3

In *Alliance for the Wild Rockies*, the Ninth Circuit followed the overwhelming majority of Circuits to hold that the sliding scale test survived the Supreme Court's decision in *Winter*. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (reversing denial of preliminary injunction because district court's failure to apply the "serious questions" test was "an error of law"); *Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009) (Easterbrook, J.) ("[T]he more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief."); *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) ("Because the moving party must not only show that there are 'serious questions' going to the merits, but must additionally establish that 'the balance of hardships tips decidedly' in its favor, its overall burden is no lighter than the one it bears under the 'likelihood of success' standard.") (emphasis in original); *but cf. Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575 F.3d 343, 347 (4th Cir. 2009) (holding that the "sliding scale approach" does not survive the Winter decision) *vacated on other grounds by* 130 S.Ct. 2371 (2010).

If the application for the temporary restraining order is made *ex parte*, Rule 65 mandates an additional showing that: (1) "immediate and irreparable injury. . . will result to the movant before the adverse party can be heard in opposition;" and (2) the movant must explain in writing the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high. *See Granny Goose Foods, Inc. v. Broth. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Reno Air Racing Ass'n*, 452 F.3d at 1131 ("[C]ircumstances justifying the issuance of an ex parte order are extremely limited.").

The most common reasons for issuing an *ex parte* temporary restraining order are "where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" and "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0847-DOC (DFMx)                          Date: June 3, 2014

                                                                                                                   Page 4

### III. ANALYSIS

The filings, and the exhibits attached thereto, make no attempt to support the issuance of a temporary restraining order. The Court can only assume that the filings were inadvertently labeled as applications and motions for a temporary restraining order. Therefore, in order to ensure that the filings are given full and fair consideration, the Court DENIES them and GRANTS Plaintiff leave to re-file them.

### IV. DISPOSITION

For the above stated reasons, the Court DENIES the six filings ostensibly related to a temporary restraining order: docket numbers 5, 6, 7, 9, 10, and 11. Plaintiff is granted leave to re-file its documents. But, before doing so, the Court encourages Plaintiff to review the Local Rules for the Central District of California.

The Clerk shall serve this minute order on the parties.

                                                                                                        Clerk's Initials: jcb